UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE J. FELIX MARTINEZ,<br><br>Plaintiff,<br>vs.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>Defendant.<br>_______________________________/ | Case No. 09-13700<br><br>Julian Abele Cook<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 15, 16)**

## I. PROCEDURAL HISTORY

### A. Proceedings in this Court

On September 18, 1009, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Julian Abele Cook referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of Supplemental Security Income benefits. (Dkt. 5). This matter is before the Court on cross-motions for summary judgment. (Dkt. 15, 16).

B. Administrative Proceedings

Plaintiff filed the instant claims on December 7, 2004, alleging that he became unable to work on August 1, 2001. (Dkt. 11, Tr. at 88). The claim was initially disapproved by the Commissioner on February 3, 2005. (Dkt. 11, Tr. at 42-45). Plaintiff requested a hearing and on October 16, 2007, plaintiff appeared with counsel and was assisted by a translator before Administrative Law Judge (ALJ) Ethel Revels, who considered the case *de novo*. In a decision dated February 28, 2008, the ALJ found that plaintiff was not disabled. (Dkt. 11, Tr. at 21-34). Plaintiff requested a review of this decision on March 24, 2008. (Dkt. 11, Tr. at 13). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-1, Dkt. 11, Tr. 420), the Appeals Council, on July 13, 2009, denied plaintiff's request for review. (Dkt. 11, Tr. 7-9); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

plaintiff's motion for summary judgment be **DENIED**, defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II. FACTUAL BACKGROUND

Plaintiff was 30 years of age at the time of the most recent administrative hearing. (Dkt. 11, Tr. 443). Plaintiff had no past relevant work experience. (Dkt. 11, Tr. 26). In denying plaintiff's claims, defendant Commissioner considered depression, a kidney disorder, medullary sponge kidneys, hydrocephalus status post-stent placement, and arthritis as possible bases of disability. *Id.*

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not posted earnings during the period in question. (Dkt. 11, Tr. 26). At step two, the ALJ found that plaintiff's impairments were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.* At step four, the ALJ found that plaintiff had no past relevant work. (Dkt. 11, Tr. 33). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 11, Tr. 33-34).

## III. DISCUSSION

As noted by the Commissioner, plaintiff's sole argument on appeal is that the Appeals Council failed to send her notice of its July 13, 2009, decision; denying her request for review. (Dkt. 15, p. 2). She also contends that the Agency lost her "documentation." *Id*. Plaintiff's brief on appeal contains no substantive arguments and points to no errors made by the ALJ below.

The Commissioner recounts the procedural history of this matter quite thoroughly. The July 13, 2009 notice of the Appeals Council was mailed to plaintiff's last known home address in Detroit, in both English and Spanish versions. (Tr. 7, 11). The date of receipt is presumed by the Agency to be five days after the notice's date, unless the claimant makes a reasonable showing to the contrary. *See Harris v. Commissioner of Social Security*, 25 Fed.Appx. 273, 273-74 (6th Cir. 2001) (finding no reasonable showing to the contrary by claimant that notice was received within 5 days of mailing); 20 C.F.R. § 422.210(c) (date of receipt of notice of denial of review by Appeals Council is presumed to take place 5 days after the date of such notice). The Commissioner points out that while plaintiff contends she did not receive these notices, she filed her complaint in September 2009, within the appropriate time frame for doing so. 20 C.F.R. § 422.210(c) (requiring civil action in district court to be commenced within 60

days of receipt of the notice). Thus, the Commissioner contends that, even assuming that plaintiff initially did not receive the Appeals Council's notice, a September 17, 2009 letter that she attached as an exhibit to the Complaint indicates that she learned of the Appeals Council's notice, and her right to seek review in federal court, with enough time to file a timely complaint and therefore, she has suffered no harm or prejudice from the alleged lack of notice. The undersigned agrees with the Commissioner that plaintiff failed to allege or show any prejudice from any lack of notice given that she, in fact, timely filed suit.

Plaintiff also contends that some unspecified documentation was lost, presumably alluding to the long duration of her claim. She does not, however, provide any information about the nature or content of these allegedly lost documents, but plaintiff seems to suggest that her case has languished and not reached resolution due to this alleged displacement of her documentation. According to the Commissioner, no documents have been lost or caused delay in either the administrative or judicial proceedings. Rather, the Commissioner notes that plaintiff failed to avail herself of the full administrative process with regard to her earlier filed claims. Plaintiff had filed successive claims for benefits, one in May 1999, which was denied the initial stages, and not further pursued by plaintiff (Tr. 38) and a second application, filed in September 2001, resulted in a dismissal

by the ALJ due to plaintiff's failure to appear at the scheduled hearing. (Tr. 40). Only in the current claim has plaintiff availed herself of the administrative process fully before seeking relief in district court. The Appeals Council considered the additional evidence Plaintiff submitted, and determined that it was not a basis for changing the ALJ's decision. (Tr. 7-8). Thus, according to the Commissioner, none of her documents have been lost during the administrative process. The undersigned agrees with the Commissioner that plaintiff has failed to identify the nature or content of any lost documents and gives the Court no substantive basis on which to evaluate these allegations. Thus, plaintiff has not shown any entitlement to relief.

The undersigned concludes that plaintiff has failed to identify any procedural errors as to which the Court can grant any relief and has also waived any right to relief as to the substance of the ALJ's decisions, given that she has not identified any errors made below. Arguments or issues not raised as the District Court level are waived. *Yamin v. Comm'r*, 67 Fed.Appx. 883, 884 (6th Cir. Mich. 2003), citing, *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990). A court is under no obligation to scour the record for errors not identified by a claimant. *Hamilton v. Astrue*, 2010 WL 1032646, *6 (N.D. Ohio 2010), citing, *Howington v. Astrue*, 2009 WL 2579620, *6 (E.D. Tenn. 2009)

(stating that assignments of error not made by claimant were waived). Indeed, arguments not raised and supported in more than a perfunctory manner may be deemed waived. *Woods v. Comm'r of Soc. Sec.*, 2009 WL 3153153, at *7 (W.D. Mich. 2009), citing, *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (noting that conclusory claim of error without further argument or authority may be considered waived). Further, it is well-established that a reply brief is not the proper place to raise new arguments.[2] *Hamilton*, at *6, citing, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Rush v. Illinois Cent. R.R. Co.*, 399 F.3d 705, 727 n. 19 (6th Cir. 2005); *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). "A reply brief is a plaintiff's opportunity to respond to arguments raised for the first time in the defendant's brief. A plaintiff cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of plaintiff's arguments." *Hamilton*, at *6, citing, *Scottsdale*, 513 F.3d at 553. Under the foregoing circumstances, the undersigned concludes that plaintiff has waived any substantive objection to the ALJ's decision and therefore, defendant's motion should be granted and the findings of the

[2] Plaintiff sent the Court a letter on March 3, 2010, which was construed as a reply brief, that contained various assertions as to why she is entitled to benefits. (Dkt. 17).

Commissioner should be affirmed.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, defendant's motion for summary judgment be granted, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 2, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Derri T. Thomas, AUSA, and the Commissioner of Social Security, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Leslie J. Felix Martinez, 4027 28th Street, Detroit, MI 48210.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov