UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE J. FELIX MARTINEZ,

        Plaintiff,

v.                                    Case No. 09-13700
                                     Honorable Julian Abele Cook, Jr.
COMMISSIONER OF
SOCIAL SECURITY

        Defendant.

ORDER

       This case involves a complaint by the Plaintiff, Leslie J. Felix Martinez, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties thereafter filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, both of which were forwarded by the Court to Magistrate Judge Michael Hluchaniuk for his evaluation. In a report on March 2, 2011, he recommended that this Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Martinez's motion for summary judgment. As of this date, neither party has expressed any objections to the magistrate judge's report and recommendation.

       For the reasons that have been set forth below, this Court adopts the report, including recommendations of Magistrate Judge Hluchaniuk, in its entirety.

I.

       Martinez is a thirty-three year old female who had achieved an eighth or ninth grade

1

education and has no relevant past work experience. On September 22, 2004, she filed an application for disability insurance benefits, claiming to have been permanently disabled since August 1, 2001, because of a wide range of physical and emotional maladies (i.e., depression, kidney disorder, medullary sponge kidneys, herpes, hydrocephalus status post-stint placement, and arthritis).

Following the denial of her application, Martinez sought and obtained a de novo hearing before an administrative law judge who, in a decision on February 28, 2008, determined that she was not disabled within the meaning of the Social Security Act. Thus, it was the conclusion of the administrative law judge that Martinez, despite having suffered from multiple severe impairments, did not have an impairment or a combination of impairments that met or equaled the Listing of Impairments. The administrative law judge also determined that Martinez did have the residual functional capacity to perform light work, but, at the same time, recognized the existence of several other restrictions, all of which were related to her inability to perform certain physical and mental tasks and to read and write the English language.

The administrative law judge also opined that, given these restrictions as well as Martinez's age, minimal education, and sparse work experience, she is able to perform a significant number of jobs that are available in the national economy. Thus, it was her conclusion that Martinez was not suffering from a disability which is compensable under the Social Security Act. This decision became the final decision of the Commissioner on July 13, 2009, when the Appeals Council denied her request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied.

2

42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if it could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence de novo, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

The sole issues that have been raised by Martinez are procedural, in that she has not challenged the substantive correctness of the ultimate conclusion by the administrative law judge that she is not disabled within the meaning of the Social Security Act.[1] First, she contends that the Appeals Council failed to send her notice of the adverse decision of July 13, 2009 (denial of request for review). Second, Martinez claims that the Social Security Administration lost documentation relating to her case.

With respect to Martinez's first claim, the magistrate judge correctly determined that - even

---

[1] In a letter dated March 3, 2010, which was construed by the magistrate judge as a reply brief, Martinez described her impairments and diagnoses of disability. However, the new arguments that she raised for the first time in the reply brief were correctly disregarded by the magistrate judge. *See, e.g.*, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for first time in reply brief are waived); *Hamilton v. Astrue*, No. 1:09CV260, 2010 WL 1032646, at *6 (N.D. Ohio Mar. 17, 2010) ("A reply brief is a plaintiff's opportunity to respond to arguments raised for the first time in the defendant's brief. A plaintiff cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of plaintiff's arguments.").

3

if, arguendo, this notice had not been sent[2] - she did not suffer any prejudice because her complaint was timely filed with this Court. See 20 C.F.R. § 422.210(c) (civil action must be commenced within sixty days of receipt of notice of denial; receipt is presumed to occur five days after mailing absent reasonable contrary showing). Therefore, her allegation does not support a reversal of the administrative law judge's determination.

Turning to Martinez's second argument, the magistrate judge correctly rejected her contention because she failed to provide any supporting information regarding the content or the nature of these documents that had been purportedly lost. Martinez's claim regarding lost documentation appears to be related to the contention that her case has been pending since 1999. However, this is not an accurate depiction of events. Martinez filed two prior applications for benefits - one in May 1999 that was denied at the initial stages and not pursued thereafter by her, and another in September 2001 that was dismissed after she failed to appear at a scheduled hearing before an administrative law judge. A reading of Martinez's argument suggests that she considered the three independent claims as one case. However, the claim that is now pending before the Court is the only one in which she fully pursued the administrative process. To the extent that her allegation of lost documentation is an assumption she derived from the length of time that had elapsed since the first claim was filed, this argument is not well taken. Moreover, it appears that Martinez submitted additional documentation to the Appeals Council, which took this evidence into consideration but subsequently determined that it did not provide any basis for modifying the administrative law judge's determination. If her claim of lost documentation relates to some other

---

[2] Martinez submitted as an attachment to her complaint a letter from the Social Security Administration dated September 16, 2009, that states, "Our records show that the Appeals Council did not notify her of the decision made on July 13, 2009. Our systems also show that the case is still pending." Martinez was apparently informed at that time that she had only two days left to file her appeal in this Court - an action that she undertook on the following day.

4

evidence, the Court is unable to glean from the pleadings what that evidence might be. Therefore, this contention, too, cannot support a reversal of the administrative law judge's determination.

IV.

For the reasons that have been outlined above, the Court adopts the report of Magistrate Judge Hluchaniuk. Therefore, (1) the Commissioner's motion for summary judgment is granted, and (2) Martinez's motion for summary judgment is denied.


IT IS SO ORDERED.


Dated:  March 30, 2011                          s/Julian Abele Cook, Jr.
             Detroit, Michigan                        JULIAN ABELE COOK, JR.
                                                             United States District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 30, 2011.


                                                        s/ Kay Doaks
                                                        Case Manager

5